UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

RAYMOND K. STODDARD,                )
                                    )
    Petitioner,                     )   Civil No. 6:09-CV-255-GFVT
                                    )
V.                                  )
                                    )   **MEMORANDUM OPINION**
WARDEN ERIC D. WILSON,              )   **AND ORDER**
                                    )
    Respondent.                     )

\*\* \*\* \*\* \*\* \*\*

This matter is ripe for a decision on the *pro se* Petition for Writ of Habeas Corpus of Raymond K. Stoddard. For the reasons to be discussed below, the Petition will be denied.

**I.**

On July 21, 2009, Raymond K. Stoddard, who is in the custody of the Federal Bureau of Prisons ("BOP") and confined in the United States Penitentiary-McCreary, in Pine Knot, Kentucky, submitted the instant Petition challenging a prison disciplinary proceeding. The incident giving rise to the disciplinary action occurred at the prison on September 20, 2008, when a female staff member, with the last name of McDonald, wrote an Incident Report and a memorandum in which she describes Petitioner masturbating, with his hands in his pants, in front of her. She charged him with the BOP offense of Engaging in a Sexual Act, a Code 205 offense.[1]

---

[1] The various levels of Bureau of Prisons offenses are listed in 28 C. F. R. § 541.13, Table 3. The most serious offenses ("Greatest Category") are listed in Code Nos.100-199; the next level of offenses ("High Category") are listed in Code Nos. 200- 299; the next level of offenses ("Moderate Category") are listed in Code Nos. 300-399; and the final and lowest level of offenses ("Low Moderate Category") are listed in Code Nos. 400-499.

The Petitioner complains that his due process rights were violated during the resulting disciplinary proceedings. He specifically alleges that he was denied his right to call a certain witness, a fellow inmate named Moore, who would have testified that the Petitioner was with him and did not commit the act. Also, the Petitioner claims that the hearing officer used the false statement of McDonald, rather than relying on a videotape, which would show that he did not commit the act charged.

Stoddard appealed the conviction through the BOP administrative remedy process, but was not successful in overturning it. He then filed this action, seeking the return of twenty-seven (27) days of good conduct time which he lost as part of his punishment and also asking for the removal of the disciplinary record from his file. Petitioner later submitted a copy of the Response of the BOP's Administrator of Inmate Appeals, demonstrating that he appealed the matter to the national and final level to exhaustion. After screening the Petition, the Court ordered the Respondent Warden to file a Response. He has now done so.

In his Response [Record No. 15] and its attachments, the warden adds to the facts about the Petitioner, who is serving a sixty-month term of imprisonment which was handed down in the D.C. Superior Court for cocaine possession and distribution. Through the declaration of the Disciplinary Hearing Officer ("DHO"), John Banks, he also adds details about the conduct of the DHO and the Petitioner in the disciplinary proceeding being challenged here.

It is the Respondent's position that the DHO's hearing and his resulting decision were consistent with the U.S. Constitution and with the BOP's duly promulgated regulations at 28 C.F.R §§ 541.10 through 541.23. The use of a witness by a prisoner is limited by security and other considerations, one being that the requested person has information directly relevant to the

charge. The DHO swears that he personally viewed the videotape, and he saw that Moore was not with Petitioner but was "down by the Chapel Staff office when the incident occurred." When Banks told this to Stoddard at the hearing, the Petitioner purportedly admitted that this was true.

The DHO also attests to what he saw Stoddard doing on the tape, consistent with McDonald's report, and he states that he gave the Petitioner an opportunity to respond to his description. However, the Petitioner declined. Officer Banks has written further,

> Pursuant to my review of the incident report, the supporting documentation, the Petitioner's statements, and the video tape of the incident, I gave the greater weight to the written reports and the video tape. Thereby, the [sic] I found some evidence to find that the Petitioner committed Prohibited Act 299 - Conduct which Disrupts the Security and Orderly Running of the Institution Most like Code 205 - Engaging in Sexual Act.

[Record No. 15, Attachment (Att.) F; *see also* Att. K.] Banks sanctioned Stoddard with the complained-of loss of good conduct time; thirty (30) days in disciplinary segregation; the loss of certain privileges, including visitation, trips to the commissary, and use of a telephone, for six (6) months; and a disciplinary transfer.

## II.

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court of the United States held that a prisoner charged with a serious disciplinary offense[2] requires only minimal due process. Prison disciplinary proceedings will comply with due process requirements if the prisoner receives written notice of the charges at least twenty-four (24) hours prior to the

---

[2] In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court determined that whether or not a prisoner had been subjected to a due process violation in the context of a prison disciplinary hearing depended on whether the restraint with which the prisoner was punished "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "will inevitably affect the duration of his sentence." *Id.* at 484, 487. As the Petitioner's loss of good time credits means that he will serve a longer sentence, he was entitled to the due process protections of *Wolff v. McDonnell*, 418 U.S. 539 (1974).

disciplinary hearing; the prisoner has a *limited* right to call witnesses and present documentary evidence as a defense; and the prisoner receives a written statement of the evidence relied upon and the reasons for any sanctions. *Id.* at 563-69.

The Court finds that the instant Petitioner was provided with these procedural due process safeguards before and at the DHO hearing consistent with due process as dictated in *Wolff*. Stoddard does not deny that he received the twenty-four-hour notice. The above-quoted portion of report shows that the DHO recited a list of evidence upon which he relied to find Petitioner guilty. The report also contains the DHO's reasons for imposing the sanctions. He explains that the Petitioner's actions showed a lack of respect toward staff, rules, and regulations, which jeopardizes the security and orderly running of the prison. Further, the "sanctions imposed are to punish you for your actions and to deter you and others from such behavior in the future." [Att. F.]

Additionally, the Court finds that there is sufficient evidence of Stoddard's guilt to satisfy due process. A district court's role in reviewing a disciplinary conviction is extremely limited. Under *Superintendent v. Hill*, 472 U.S. 445 (1985), a disciplinary conviction must be upheld as consistent with due process so long as there is "some evidence" to support the decision. *Id.* at 455-56. This standard means that a district court only ensures that the disciplinary decision is not arbitrary and does have evidentiary support. *Id.* at 457. It does not mean that a federal court has any authority to review the resolution of factual disputes in a disciplinary decision under the guise of due process. *Id.* "Some evidence," as its name suggests, is a lenient standard. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000). Even meager proof will suffice. *Id.* at 652.

In the instant case, there is clearly some evidence that the Petitioner committed

prohibited lewd behavior in front of Ms. McDonald. Moreover, that evidence is from several sources and in several forms, all supporting the ultimate decision against Stoddard, *i.e.*, that he committed the offense of which he was found guilty.

### III.

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)   Raymond K. Stoddard's Petition for Writ of Habeas Corpus herein is **DENIED**;

(2)   this action will be **DISMISSED**; and

(3)   Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This the 17th day of December, 2009.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge